UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN TAYLOR,

    Petitioner,

                                Case No. 06-13795
                                Honorable Patrick J. Duggan

v.

JOHN PRELESNIK,

    Respondent.
_____/

## **OPINION AND ORDER HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on August 18, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT

Sean Taylor ("Petitioner") filed a *pro se* petition for a writ of habeas corpus on August 25, 2006, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Presently before the Court is Petitioner's "Motion to Hold Habeas Petition in Abeyance," which was filed on September 26, 2007.

### BACKGROUND

In 2003, Petitioner was convicted of felony murder, MICH. COMP. LAWS §750.316, assault with intent to commit armed robbery, *id.* §750.89, assault with intent to commit murder, *id.* §750.83, and assault with intent to commit unarmed robbery, *id.* §750.88. He

was sentenced as a second felony offender to two concurrent terms of life imprisonment, twenty-five to fifty years', twenty-nine to sixty years' and twelve to twenty-two and a half years' imprisonment, respectively. After Petitioner's conviction, he filed a timely claim of appeal in the Michigan Court of Appeals at which time he made the same constitutional challenges that are presently before the Court for habeas review. *People v. Taylor,* No. 251148 (Mich. Ct. App. Feb. 10, 2005). An application for leave to appeal to the Michigan Supreme Court was then filed and relief was denied on December 16, 2005. *People v. Taylor,* 474 Mich. 970, 706 N.W.2d 730 (2005)(Table). Petitioner filed his pending habeas corpus petition on August 25, 2006.

Petitioner raises six claims in his habeas petition: (1) insufficient evidence; (2) prejudiced in front of the jury by wearing prison garb and shackles; (3) trial court's refusal to properly instruct the jury; (4) prosecutorial misconduct by appealing to the jury's civic duty and juror emotion; (5) double jeopardy violation; and (6) first-degree felony murder is not an enumerated felony within the felony murder statute. Respondent John Prelesnik filed an answer on March 26, 2007, urging the Court to deny Petitioner's application with prejudice. After the Rule 5 materials were submitted on August 24, 2007, Petitioner filed his present motion on September 26, 2007.

Petitioner now seeks to raise the following additional claims in his habeas petition: (1) cumulative error as a result of the prosecutor's repeated prejudicial and disparaging statements to the jury about Petitioner; (2) ineffective assistance of trial counsel due to his failure to place certain objections on the record; and (3) ineffective assistance of appellate

2

counsel due to his failure to raise issues (1) and (2) on direct appeal. Petitioner concedes that these claims were not exhausted. Therefore, he requests that his present petition be held in abeyance pending the exhaustion of these additional claims.

## DISCUSSION

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir.2002)("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); *see also Hannah v. Conley*, 49 F.3d 1193 (6th Cir.1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813 (2005)(citing *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005)). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir.2000). In *Rhines v. Weber*, the United States

3

Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's [Antiterroism and Effective Death Penalty Act] purposes." *Rhines*, 544 U.S. at 276, 125 S. Ct. at 1534. The *Rhines* Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (citations omitted). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce [ ] the importance of [*Rose v.*] *Lundy's* 'simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court.'" *Id.* at 276-77, 125 S. Ct. at 1534 (quoting *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204 (1982)). The *Rhines* Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . . For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277, 125 S. Ct. at 1534-35.

The *Rhines* court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it

4

would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277, 125 S. Ct. 1535. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278, 125 S. Ct. at 1535.

Applying the *Rhines* analysis to this case, first, the issue is whether appellate counsel's alleged ineffectiveness in his failure to raise the two unexhausted claims at issue constitutes good cause for staying these proceedings.[1] There is a split of authority, as well as a split within this district, regarding the question of whether the claim of ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. In at least five instances, the bench in this district has found that an appellate counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal constituted "good cause" and warranted holding the petition in abeyance pending the petitioner's return to the state courts. *See Wright v. Trombley,* No. 07-CV-10965, 2007 U.S. Dist. LEXIS 86940, 2007 WL 4181316, at *2-3 (E.D. Mich. Nov. 27, 2007); *Lanton v. Lafler,* 2007 US. Dist. LEXIS 70353, 2007 WL

---

[1]Petitioner does not set forth any "good cause" arguments for why these additional claims were not raised sooner in these proceedings, but rather simply states that he seeks to add three additional habeas claims.

5

2780552, at *2 (E.D. Mich. Sept. 24, 2007); *Iscaro v. Trombley*, 2006 U.S. Dist. LEXIS 220320, 2006 WL 1064218, at *3 (E.D. Mich. April 21, 2006); *Boyd v. Jones*, 2005 U.S. Dist. LEXIS 24656, 2005 WL 2656639, at *4 (E.D. Mich. Oct. 14, 2005); *Martin v. Warren*, 2005 U.S. Dist. LEXIS 26392, 2005 WL 2173365, at *2 (E.D. Mich. Sept. 2, 2005). Case law also provides that "good cause" is not demonstrated in a stay and abeyance analysis when the petitioner blames the appellate attorney for non-exhaustion because "an appellate attorney need not raise every non-frivolous argument requested by the client . . . and it is difficult to demonstrate that an appellate attorney's performance was deficient where the attorney presents one argument on appeal rather than another." *Hubbert v. Renico,* 2005 U.S. Dist. LEXIS 33520, 2005 WL 2173612, at *3 (E.D. Mich. Sept. 7, 2005).

The Court finds that there is no indication that Petitioner is engaging in intentional delay or abusive litigation tactics in requesting a stay. Furthermore, upon an initial review of the substance of the unexhausted issues, it does not appear that Petitioner's unexhausted claims are "plainly meritless." Finally, even though Petitioner does not elaborate upon appellate counsel's alleged ineffectiveness in failing to raise the unexhausted claims at issue or any other "good cause" arguments, this Court is satisfied that the claim of ineffective assistance of appellate counsel itself in conjunction with Petitioner's post-conviction actions and the substance of the unexhausted issues that

Petitioner has shown "good cause" to justify the issuance of a stay in these proceedings.[2] For these reasons, the Court finds that Petitioner's basis for issuance of a stay comes within the realm of "good cause" under *Rhines*.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Hold Habeas Petition in Abeyance" (Doc. No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner may file a post-conviction motion for relief from judgment with the appropriate state court within **sixty (60) days** of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

**IT IS FURTHER ORDERED** that if the Petitioner files a motion for relief from judgment, he shall notify this Court, referencing this case number, that such motion papers have been filed in state court.

**IT IS FURTHER ORDERED** that this case shall then be **HELD IN ABEYANCE** pending Petitioner's exhaustion of his state court remedies provided that Petitioner returns to this Court within **sixty (60) days** of exhausting his state court remedies and files, in the above-captioned case, a motion to lift the stay and file an

---

[2] In the above-cited authority supporting a stay in cases where the petitioner claims that appellate counsel's alleged ineffectiveness is the reason for non-exhaustion of certain issues, the petitioner, like Petitioner here, did not elaborate upon appellate counsel's conduct. *See, e.g., Wright*, 2007 WL 4181316, at *3. The claim itself in conjunction with other facts specific to the case was sufficient to meet the "good cause" requirement. *See id.*

amended petition adding the exhausted claims.

**IT IS FURTHER ORDERED** that if the Petitioner files an amended petition, the Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **forty-five (45) days** thereafter.

**IT IS FURTHER ORDERED** that the Clerk of the Court **CLOSE** this case for statistical purposes only, and upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:

Sean Taylor  
#417860  
1728 Bluewater Highway  
Ionia MI 48846

Jerrold Schrotenboer