**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SEAN STEPHEN TAYLOR, #417860,

    Petitioner,

                                            Civil No: 06-CV-13795
                                            Honorable Patrick J. Duggan

v.

JAN E. TROMBLEY,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on_March 18, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT

    Petitioner, Sean Stephen Taylor, is a state inmate currently incarcerated at Handlon Correctional Facility in Ionia, Michigan. Petitioner was convicted at the conclusion of a Jackson County Circuit Court jury trial of felony murder, Mich. Comp. Laws § 750.316; assault with intent to rob while armed, *id.* § 750.89; assault with intent to murder, *id.* § 750.83; and assault with intent to rob while unarmed, *id.* § 750.88. Petitioner was sentenced as an habitual offender, *id.* § 769.10, to life imprisonment, and concurrent terms of 25 to 50 years, 29 to 60 years, and 12 to 22.5 years imprisonment, respectively. Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the Court denies the petition.

**I. BACKGROUND**

The state appellate court in this case set forth underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd* . 41 Fed. App'x. 730 (6th Cir. 2002), as follows:

> Defendant's convictions arise from the shooting death of Trevor Chambers during a robbery that occurred in Jackson. Joel Cropper testified that while his friend, Chambers, was using a pay phone, he observed two men who were later identified as defendant and Philip Thompson, cross the street and approach them. Cropper testified that Thompson walked up to Chambers, put a gun to his throat, and told him to empty his pockets. Cropper testified that while Thompson had the gun to Chambers' throat, defendant approached Cropper and told him "you all is in the wrong neighborhood," and told him to empty his pockets. Additionally, detective Timothy R. Gonzalez testified about how defendant told him he had discussed with Thompson "hitting a lick" or committing a robbery. Gonzalez further stated that Cropper identified defendant and Thompson as the perpetrators of the shooting and robbery.

*People v. Taylor,* No. 251148, 2005 WL 323319, *1, (Mich. Ct. App. Feb. 10, 2005) (per curiam).

Petitioner filed an appeal of right and raised the following claims:

I. Defendant's first-degree murder, unarmed robbery, and assault with intent to commit murder convictions must be reversed where the prosecution failed to produce any sufficient evidence which established the elements beyond a reasonable doubt.

II. Defendant was denied a fair trial under the Michigan and United States Constitutions when he was forced to walk in front of the jury while he was wearing prison shackles.

III. Defendant was denied his right to a fair trial and due process of law when the trial court refused to instruct the jury on second-degree murder pursuant to *People v. Jenkins,* 297 Mich. 440 (1975).

IV. The prosecutor deprived defendant of his due process right to a fair trial and an impartial jury when she appealed to the jury's civic duty and improperly shifted the focus from the proofs to the juror's emotions and consciences.

V. The trial court violated the double jeopardy clause by imposing separate

sentences for felony murder and an underlying felony.

> VI. Defendant's conviction of first-degree felony murder must be reversed or reduced to second-degree murder because the underlying felony, assault with intent to rob while armed, is neither an enumerated felony within the felony murder statute nor is it the same statute as robbery.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences with the exception of his assault with intent to rob while armed conviction. *Id.* The state appellate court ruled as follows:

> In this case, defendant was convicted of both felony murder and the underlying felony [of assault with intent to rob while armed]. The proper remedy is to vacate the conviction and sentence for the underlying felony. *People v. Gimotty,* 216 Mich.App 254, 259-60; 549 NW2d 39 (1996). Therefore, we vacate defendant's assault with intent to rob while armed conviction and sentence.

*Id.* at *6.

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same issues presented before the Michigan Court of Appeals. Petitioner's application for leave to appeal was denied. *People v. Taylor,* 474 Mich. 970; 706 N.W.2d 730 (2005)(table). However, Justice Marilyn J. Kelly issued the following dissent:

> I would grant leave to appeal. The Court of Appeals decision in this case grafts onto the felony-murder statute offenses that the Legislature did not list there. MCL 750.316. We should review this decision to ensure that it is not a judicial expansion into an area that the Legislature has clearly occupied. Hence, I would grant leave to appeal.

*Id.*

Petitioner sought a writ of habeas corpus asserting the same claims presented in the state appellate courts. However, he subsequently filed a motion to hold his petition in abeyance while he exhausted the following additional claims: (1) cumulative error as a result of the prosecutor's repeated prejudicial and disparaging statements to the jury about

3

Petitioner; (2) ineffective assistance of trial counsel due to his failure to place certain objections on the record; and (3) ineffective assistance of appellate counsel due to his failure to raise issues (1) and (2) on direct appeal. The Court granted Petitioner's motion.

Petitioner filed a motion for relief from judgment with the Jackson County Circuit Court and relief was denied on June 12, 2008. On October 10, 2008, Petitioner filed a motion to lift the stay. Petitioner stated in his motion that for a variety of reasons, he was unable to appeal the June 12, 2008, order denying relief from judgement in the state appellate courts. Therefore, he requested that his habeas case proceed as originally filed.[1] The Court entered an order lifting the stay on December 15, 2008.

Respondent has filed an answer to the petition as well a supplemental response asserting that habeas relief is not warranted in this case.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

---

[1] Petitioner did not file an amended habeas petition or set forth any arguments relative to the claims he desired to exhaust during collateral review of this matter in the state appellate courts. Therefore, it is unnecessary for the Court to engage in an exhaustion analysis.

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.*, 529 U.S. at 410, 120 S. Ct. at 1522 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law is objectively unreasonable." *Id.*, 529 U.S. at 409, 120 S. Ct. at 1521. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.3d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

### III. DISCUSSION

#### A. Sufficiency of Evidence

Petitioner asserts that there was insufficient evidence to sustain his convictions of felony murder, assault with intent to murder, and assault with intent to rob while unarmed. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970). However, the

5

critical inquiry on review of the sufficiency of the evidence is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S. Ct. 2781, 2788 (1979). As the Supreme Court explained:

> This inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.,* 443 U.S. at 318-19, 99 S. Ct. at 2789 (internal citation and footnotes omitted).

This "standard must be applied with explicit references to the substantive elements of the criminal offense as defined by state law." *Id.* 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16. "Normally, pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was contrary to or an unreasonable application of Supreme Court precedent." *Wolfe v. Bock,* 412 F. Supp. 2d 657, 681 (E.D. Mich. 2006). However, "[t]he habeas court does not substitute its own judgment for that of the finder of fact." *Alder v. Burt,* 240 F. Supp. 2d 651, 661-62 (E.D. Mich. 2003). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge*, 190 F. Supp. 2d 974, 985 (E.D. Mich. 2002) (internal quotations omitted). In a federal habeas proceeding, the scope of review of the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock*, 208 F.Supp.2d 780, 794 (E.D. Mich. 2002).

Petitioner first asserts that there was insufficient evidence to sustain a felony murder conviction. Under Michigan law, the elements of felony murder are: (1) the killing of a

6

human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of any of the felonies enumerated in Mich. Comp. Laws § 750.316. *People v. Smith,* 478 Mich. 292, 318-19; 733 N.W.2d 351, 365 (2007). In regard to this claim, the Michigan Court of Appeals held:

> In this case, although defendant told police during his interrogation that he never intended Thompson to shoot Chambers or Cropper, he also stated that he knew Thompson possessed a gun and knew that he and Thompson would be "hitting a lick", i.e., committing a robbery using the gun. . . . if one views the evidence of intent in a light most favorable to the prosecution, defendant's knowledge that Thompson possessed the gun is enough for a rational trier of fact to conclude beyond a reasonable doubt that defendant possessed the requisite intent to support his felony murder conviction.

*Taylor,* 2005 WL 323319, *2. This Court agrees with the conclusion of the Michigan Court of Appeals.

Through the testimony of Detective Timothy Gonzalez and one of the victims, Joel Cropper, the following information was subject to review by the jury: (1) Petitioner admitted that he knew ahead of time that Philip Thompson was armed; (2) Petitioner agreed to rob Joel Cropper and Trevor Chambers along with Philip Thompson; (3) as Philip Thompson put his gun to Trevor Chambers' throat, he asked Joel Cropper what he had in his pockets; (4) after Trevor Chambers was shot Philip Thompson and Petitioner approached Joel Cropper; (5) as Joel Cropper tried to escape, he was shot in the back by Philip Thompson. (Tr. 8/18/03, at 69; Tr. 8/19/03, at 20-22, 68-69, 74). The Court finds this evidence legally sufficient to sustain a felony murder conviction.

Petitioner also claims that insufficient evidence was presented at trial to support a

conviction for assault with intent to rob while unarmed. The elements of the offense are: "(1) an assault with force and violence, (2) an intent to rob and steal, and (3) while being unarmed." Mich. Comp. Laws § 750.88; *People v. Reeves,* 458 Mich. 236, 242; 580 N.W.2d 433, 436 (1998). The Michigan Court of Appeals rejected Petitioner's claim that there was insufficient evidence to support this offense, holding:

> Cropper testified that he did not fear defendant. But Cropper also testified that defendant grabbed Cropper's coat to keep Cropper from backing away, and although Cropper told defendant he had nothing, defendant stuck his hand in Cropper's pocket. Indeed, Cropper testified that defendant "grabbed my coat . . . so I wouldn't go anywhere, because I was pulling - because I was trying to get away from him. I pulled away so I could kind of, you know, get away from him. I didn't want him touching me." This testimony clearly proved a forceful, unconsented, offensive touching, and is sufficient for a rational jury to have concluded defendant perpetrated a "battery." . . . Consequently, sufficient [sic] existed to permit a rational jury to find all of the elements of assault with intent to commit unarmed robbery beyond a reasonable doubt.

*Taylor,* 2005 WL 323319, *3. Again, this Court agrees.

Joel Cropper testified that Petitioner: (1) told him that he was in the wrong neighborhood; (2) asked what he had; and (3) went through his pockets. (Tr. 8/18/03, at 68-69). Even though Joel Cropper testified that he was not afraid of Petitioner, that does not negate the fact that he believed that Petitioner had the ability and intent to commit a robbery. Therefore, legal sufficiency has been demonstrated.

Finally, Petitioner argues that there was insufficient evidence to sustain a conviction for assault with intent to commit murder. The Michigan Court of Appeals, however, vacated Petitioner's conviction and sentence for that offense. *Taylor,* No. 251148, 2005 WL 323319, *6. Therefore, this issue is moot and the Court need not address it.

Given the testimony adduced at trial, the Court finds that the Michigan Court of

8

Appeals' decision to reject Petitioner's insufficiency of evidence argument was not an unreasonable application of law. To the extent that Petitioner challenges the inferences that the jury drew from the testimony presented at trial and the weight to be accorded certain pieces of evidence, he is not entitled to relief. *Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir. 1983). "It is the province of the factfinder . . . to weigh the probative value of the evidence and resolve any conflicts in testimony." *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir. 1992). As noted above, a habeas court must defer to the factfinder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003).

Ultimately, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id.* at 788-89. A rational jury could well choose to credit Joel Cropper and Detective Gonzalez's testimony and to discount or reject outright Petitioner's theory of the case. The court on habeas review must in such cases defer to the jury's finding, made beyond a reasonable doubt, that the more credible witnesses supported the prosecution's charges. *Id.* Petitioner's claim that his conviction was not supported by constitutionally sufficient evidence is without merit and habeas relief is not warranted.

### B. Juror Prejudice

Petitioner claims that he was denied a fair trial because the prospective jurors saw him in prison shackles. Petitioner asserts that during voir dire proceedings, he needed to use the restroom and, after Petitioner's attorney sought permission, the judge permitted Petitioner to use the restroom in chambers. (Tr., 8/18/03, at 79.) As Petitioner rose from his chair and walked toward chambers, he was in restraints. Petitioner claims that the jury saw him in the shackles, and he did not receive a fair trial as a result. In regard to this issue, the Michigan Court of Appeals held:

> [D]efendant presented no evidence that a juror who actually deliberated defendant's case saw him in shackles. Moreover, the record indicates that the trial court repeatedly instructed the jury panel not to draw any negative inferences from the fact that defendant was in custody and on trial. The trial court also asked the prospective jurors if anyone thought that defendant was more likely to be guilty of an offense because he was on trial. None of the prospective jurors responded affirmatively to the trial court's questioning. Accordingly, defendant has not established prejudice and is not entitled to relief.

*Taylor,* 2005 WL 323319, *5. The Michigan Court of Appeals also noted that there was no objection placed on the record regarding Petitioner being shackled. *Taylor,* 2005 WL 323319, *4.

Absent evidence that jury members actually saw Petitioner in shackles, Petitioner cannot demonstrate a constitutional violation. *See People v. Herndon*, 98 Mich. App. 668, 673; 296 N.W.2d 333, 336 (1980). Furthermore, even if the jurors had seen Petitioner in shackles, the Supreme Court has not held that a defendant's constitutional rights are automatically violated when jurors see shackles on a defendant. *Mendoza v. Berghuis,* 544 F.3d 650, 655-56 (6th Cir. 2008); *U.S. v. Moreno,* 933 F.2d. 362, 368 (6th Cir. 1991). To the contrary, each case is evaluated on a case by case basis (i.e., whether the defendant is being transported with shackles or sitting in the courtroom shackled, etc.). The underlying facts in this case or, more aptly, the lack thereof relative to Petitioner's claim do not lend themselves to habeas relief.

### C. Jury Instruction on the Lesser Included Offense of Second-Degree Murder

Petitioner maintains that the trial court erred when it failed to instruct the jury on the lesser included offense of second-degree murder. The Supreme Court, however, has not decided whether due process requires the giving of jury instructions on lesser-included

10

offenses in non-capital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14, 100 S. Ct. 2382, 2390 n.14 (1980). Consequently, the United States Court of Appeals for the Sixth Circuit has concluded that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (*en banc*)). The Sixth Circuit has held, "failure to instruct on a lesser included offense in a noncapital case is not 'such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) (quoting *Bagby*, 894 F.2d at 797). Accordingly habeas relief is not warranted on this issue.

### D. Prosecutorial Misconduct

Petitioner claims that the prosecutor engaged in misconduct by presenting arguments to the jury in an effort to appeal to their sense of civic duty. Although Petitioner raised this issue on appeal, neither the Michigan Court of Appeals nor the Michigan Supreme Court addressed the claim.[2]

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction . . . ." *Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 633 (1935). To prevail on a claim of prosecutorial

---

[2]The failure of the Michigan courts to address this claim appears to have been an oversight; neither court declined to address the issue on grounds that it was moot or had been procedurally defaulted. In fact, the Michigan courts failed to even acknowledge that Petitioner raised this issue on appeal. Although the Michigan courts failed to address the merits of Petitioner's claim, Petitioner has nonetheless fulfilled his obligation to exhaust the issue in state court because he "fully and fairly presented the issue to the state's highest court." *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001).

misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 1871 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights:

first, the court must determine whether the challenged statements were indeed improper; upon a finding of impropriety, the court must decide whether the statements were flagrant. *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before a jury; and 4) the total strength of the evidence against the accused. *Id.* Ultimately, "to constitute the denial of a fair trial, prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial, or so gross as probably to prejudice the defendant." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations and quotations omitted).

In this case, Petitioner asserts that the prosecutor made an improper civic duty appeal by stating the following during her rebuttal closing argument:

> You know, I know that you know what to do with the criticism of the police. I know you know what to do with that argument and those statements. I know you know that this man and all of his partners down at that police department give an honest, day-in-day-out hard work, trying to keep the streets clean and safe from armed felons. I know you know that criticism of the police is the Defense de jour.

(Tr., 8/20/03, at 42-43.) Petitioner argues that this statement was improper because it was

stated with the intent to "convert the presumption of innocence into a presumption of guilty by appealing to the jurors to perform a civic duty to support the police." (Pet. Sup. Ct. Brief at 19.)

Although a prosecutor may not make remarks "calculated to incite the passions and prejudices of the jurors," *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991), the Court concludes that the above referenced remarks do not rise to the level of an improper civic duty argument. Generally, the Sixth Circuit "has been reluctant to grant habeas petitions on improper prosecutorial statements at closing argument." *Wilson v. Mitchell,* 250 F.3d 388, 399 (6th Cir. 2001). Additionally, "[c]laims of prosecutorial misconduct are reviewed deferentially on habeas review," *Millender v. Adams,* 376 F.3d 520, 528 (6th Cir. 2004), and prosecutors ordinarily are "entitled to wide latitude in rebuttal argument and may fairly respond to arguments made by defense counsel." *Angel v. Overberg,* 682 F.2d 605, 607-08 (6th Cir. 1982) (*en banc).*

In this case, the prosecutor's statements on rebuttal were made in response to the theme of defense counsel's closing argument that the detective on the case had conducted a hasty and sloppy investigation. (Tr., 8/20/03 at 32.) Furthermore, the trial court instructed the jury after closing arguments that Petitioner was presumed innocent unless proven guilty beyond a reasonable doubt and that testimony from police officers should be evaluated by the same standards used for all witnesses. (*Id.* at 55, 63.) Under these circumstances, the Court cannot conclude that the prosecutor's statements so infected the trial with unfairness as to make the resulting conviction a denial of due process. Habeas relief is, therefore, denied.

### E. Double Jeopardy[3]

Petitioner argues that he was erroneously convicted of both first-degree felony murder and the underlying felony of assault with intent to rob while armed.  As previously noted, the Michigan Court of Appeals agreed with Petitioner's argument and vactaed Petitioner's conviction and sentence for assault with intent to rob while armed.  Since relief has already been granted relative to this issue, it is moot before this Court.

### F. Interpretation of State Law: Enumerated Felonies in Michigan's Felony Murder Statute[4]

The Michigan Court of Appeals summarized Petitioner's last claim and its finding as follows:

> Last, defendant argues that his felony murder conviction must be reversed because assault with intent to rob while armed is not one of the enumerated felonies in the felony murder statute.  This Court recently rejected this identical argument in *People v. Akins,* 259 Mich. App 545, 553; 675 NW2d 863 (2003).  We are required to follow *Akins* and must reject defendant's argument.  MCR 7.215(J)(1).

*Taylor,* 2005 WL 323319, *6.

Federal courts are also "bound by the state court's determination of its own law . . . ." *Slagle v. Bagley*, 457 F.3d 501, 517 (6th Cir. 2006) (quoting *Davis v. Straub,* 430 F.3d 281, 291 (6th Cir. 2005)).  Therefore, this Court is bound by the Michigan Court of Appeals interpretation of the Michigan felony murder statute in *Akins* and habeas relief must be denied*.*

---

[3]Although Petitioner lists this as a claim for relief in his habeas petition, he does not address the issue in his brief.

[4]Again, Petitioner lists this as a claim for relief in his habeas petition but does not address the issue in his brief.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT

Dated: March 18, 2009

Copies to:
Sean Taylor #417860
1728 Bluewater Highway
Ionia, MI 48846

Jerrold E. Schrotenboer, Esq.

15