UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN TAYLOR,

        Petitioner,

v.                                     CASE NO. 06-13795
                                       HONORABLE PATRICK J. DUGGAN

JOHN PRELESNIK,

        Respondent.
                                    /

### ORDER DENYING CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S. District
Courthouse, City of Detroit, County of Wayne,
State of Michigan on May 20, 2009.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Sean Taylor ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on March 18, 2009. On April 3, 2009, Petitioner filed a Notice of Appeal. Before Petitioner may appeal this Court's dispositive decision, however, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, as in this case,

the substantial showing threshold is met if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Petitioner asserted claims concerning the sufficiency of the evidence, juror prejudice, jury instructions, prosecutorial misconduct, double jeopardy, and Michigan's felony murder statute in his petition. Because Petitioner failed to file a motion requesting a certificate of appealability identifying the issues he seeks to appeal, the Court assumes he intends to address every issue in his appeal. Having considered the matter, the Court concludes that reasonable jurists would not find the Court's denial of relief on any of the issues debatable or wrong. Under the standards applicable to sufficiency of the evidence claims on habeas review, there is no debatable issue regarding the sufficiency of the evidence supporting Petitioner's convictions. As to juror prejudice, Petitioner failed to present facts in support his claim. As a legal matter, the Sixth Circuit has previously rejected Petitioner's argument that instructions on lesser-included offenses must be given in non-capital cases. Petitioner's prosecutorial misconduct argument was not supported by the facts and circumstances surrounding the alleged misconduct. The double jeopardy

issue was rendered moot when the Michigan Court of Appeals vacated Petitioner's conviction and sentence for assault with intent to rob while armed.  And, finally, Petitioner's argument regarding the interpretation and application of Michigan statutory law is not cognizable on habeas review.  For these reasons, Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Accordingly, the Court **DENIES** his motion for a certificate of appealability.

**IT IS SO ORDERED.**

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

Sean Taylor #417860
1728 Bluewater Hwy.
Ionia, MI 48846

Jerrold E. Schroetenboer, Esq.